

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 2, 2020

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Shuaiqi Wang*, **18 Cr. 799 (KMW)**

Dear Judge Wood:

    The defendant in this case, Shuaiqi Wang, is scheduled to be sentenced on July 8, 2020, at 11:00 a.m., having pled guilty, pursuant to a plea agreement, to conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. The Government respectfully submits this letter in advance of the sentencing.

    In the plea agreement, the parties stipulated that the Guidelines range was 24 to 30 months' imprisonment (the "Stipulated Guidelines Range"). In its Presentence Investigation Report ("PSR"), dated May 4, 2020, the Probation Department calculates the same Guidelines range and recommends a sentence of 24 months' imprisonment. For the reasons explained in this letter, the Government believes a sentence within the Stipulated Guidelines Range is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

## BACKGROUND

### A. Offense Conduct

    On November 30, 2018, a Grand Jury in this District returned a Superseding Indictment (the "Indictment") charging the defendant, along with ten others, with one count of conspiracy to distribute and possess with intent to distribute five hundred grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 846. (Dkt. 43). The evidence leading to the Superseding Indictment relied in large part on the testimony of a cooperating witness ("CW-1") regarding narcotics activities engaged in by the defendants, including Wang.

Hon. Kimba M. Wood
July 2, 2020
Page 2 of 4

The defendant was arrested on December 4, 2018 in the Central District of California. On the day of his arrest, the defendant made various statements to law enforcement in which he admitted, among other things, that he would mail packages containing methamphetamine to a co-conspirator in New York. Wang appeared in the Southern District of New York on December 19, 2018, and was detained on consent. (Dkt. 52).

On January 31, 2020, CW-1 admitted to the Government that CW-1 had fabricated evidence in this case. This consisted of altering electronic messages to make it appear that CW-1 was coordinating narcotics transactions with certain defendants, although not Wang, when in reality the messages were with unrelated individuals. CW-1 further misrepresented the facts of certain undercover narcotics transactions in which CW-1 participated at the direction of the Drug Enforcement Administration ("DEA"). CW-1 also admitted to having kept both money and methamphetamine from the transactions CW-1 conducted at the direction of the DEA.

The Government disclosed these facts to defense counsel for all defendants on February 3, 2020. On March 10, 2020, the defendant pled guilty to a superseding information (the "Information") charging the defendant with one count of conspiracy to defraud the United States by misrepresenting the contents of packages mailed through the United States Postal Service ("USPS"), in violation of Title 18, United States Code, Section 371. Specifically, Wang failed to disclose to the USPS that the packages he mailed contained methamphetamine. As part of his plea agreement, Wang is being held responsible for approximately 158.9 grams of methamphetamine. (PSR ¶ 20).

### B. The Presentence Investigation Report

On May 4, 2020, the Probation Department issued the PSR for the defendant in this case. The Probation Department calculates a Guidelines Range of 24 to 30 months' imprisonment. (PSR at 15). The Probation Department recommends a sentence of 24 months' imprisonment. (PSR at 15).

### ARGUMENT

### A. Applicable Law

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id*. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that the district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *Rita*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### B. Discussion

In this case, a sentence within the Stipulated Guidelines Range is appropriate.

First, as detailed above, the crimes committed by the defendant are serious. The defendant was responsible for sending large quantities of methamphetamine through the U.S. mails for further distribution. As the Court is aware, methamphetamine is a dangerous and highly addictive

substance. Although Wang was not selling the methamphetamine on the street directly, he was a necessary part of the distribution chain. Given the nature and circumstances of this conduct, a Guidelines sentence is appropriate.

Second, a Guidelines sentence is necessary to deter others from engaging in similar conduct. Because it can be difficult for law enforcement to identify and then apprehend those individuals who send controlled substances through the U.S. mails, a Guidelines sentence is necessary to stop individuals who may be tempted to engage in this conduct from doing so.

## CONCLUSION

For these reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines Range is warranted for the defendant.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:   /s/
Sheb Swett/Alexie Rothman/Lara Pomerantz
Assistant United States Attorneys
(212) 637-6522/2580/2343

cc:   Aaron Mysliwiec, Esq. (by ECF)